IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER F. MBEWE, | No. 4:24-CV-01508 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| THERESA A. DELBALSO, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**JANUARY 8, 2025**

Plaintiff Christopher F. Mbewe filed the instant *pro se* Section 1983[1] action, alleging constitutional violations by prison officials at the State Correctional Institution, Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania. The Court will dismiss Mbewe's complaint pursuant to 28 U.S.C. § 1915A(b)(1) and will grant him limited leave to amend.

**I.    STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* 28 U.S.C. § 1915A(a).

upon which relief may be granted[.]"³ This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).⁴

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."⁵ The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.⁶ In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.⁷

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.⁸ At step one, the court must "tak[e] note of the elements [the]

---

³ *Id.* § 1915A(b)(1).
⁴ *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
⁵ *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
⁶ *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
⁷ *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
⁸ *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Mbewe proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Mbewe, is incarcerated.[14]

## II. DISCUSSION

The gravamen of Mbewe's complaint concerns the handling of his legal mail by SCI Mahanoy officials. Mbewe alleges that, in May 2019, legal mail was sent to him by Attorney Nilam Sanghvi, who worked for the Pennsylvania Innocence Project at Temple University.[15] Mbewe contends that "the SCI Mahanoy mailroom

---

[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15] Doc. 1 ¶ 15; Doc. 1-1.

or property room received the legal mail on May 22, 2019," but rejected it without providing notice to him.[16] Mbewe further asserts that the legal mail was not returned to Attorney Sanghvi but was instead sent to "Camp-Hill" by "prison staff."[17] He maintains that he did not learn about this rejection until September 9, 2022, when he requested a copy of his legal mail log from SCI Mahanoy officials.[18]

Mbewe alleges that the rejection of the May 22, 2019 incoming mail from Attorney Singhvi without notice "and a reasonable opportunity to protest" the rejection violated his First Amendment free speech rights, First and Fourteenth Amendment right of access to the courts, and Fourteenth Amendment procedural due process rights.[19] He names six defendants: Superintendent Theresa A. Delbalso, Captain M. Dunkle, Lieutenant K. Wall, and Corrections Officers A. Crawford, A. Chapman, and M.J. Wall,[20] and seeks "compensatory and punitive damages."[21]

On review of Mbewe's complaint, he fails to state a claim upon which relief may be granted. The Court will address Mbewe's pleading deficiencies in turn.

---

[16] Doc. 1 ¶¶ 15, 16.
[17] *Id.* ¶ 15. Mbewe may be referring to the State Correctional Institution located in Camp Hill, Pennsylvania. *See* https://www.pa.gov/agencies/cor/state-prisons/sci-camp-hill.html (last visited Jan. 3, 2025).
[18] *Id.* ¶ 16; Doc. 1-3.
[19] Doc. 1 ¶¶ 23-25.
[20] *Id.* ¶¶ 2-5.
[21] *Id.* ¶ 30.

4

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[22] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[23] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[24] Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[25]

Mbewe's first pleading deficiency is his failure to allege personal involvement by any Defendant. Although Mbewe names six SCI Mahanoy officials in the defendant-identification section of his complaint, he does not include any specific allegations of wrongdoing that would establish personal involvement by these Defendants in the purported constitutional violations. In

---

[22] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[23] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[24] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[25] *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

other words, Mbewe never pleads what each Defendant did or did not do to violate the constitution. Mbewe, however, must specify each Defendant's personal involvement in the alleged constitutional misconduct to state a Section 1983 claim. Accordingly, the Court must dismiss the Section 1983 claims against all Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B. First Amendment Free Speech – Legal Mail Interference

Mbewe first asserts that the rejection of his legal mail from Attorney Singhvi without notice on a single occasion violated his First Amendment free speech rights. The Court need not spend substantial time on this claim. It is well settled that a single instance of interference with legal or personal mail generally does not rise to the level of actionable First Amendment censorship.[26] Accordingly, Mbewe's First Amendment free speech claim concerning the rejection of one legal letter must be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[26] *See Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) (requiring a pattern and practice of opening legal mail outside of prisoners' presence); *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995) ("We decline to hold that a single instance of damaged mail rises to the level of constitutionally impermissible censorship."), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *Iwanicki v. Pa. Dep't of Corr.*, 582 F. App'x 75, 79 (3d Cir. 2014) (nonprecedential) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)); *Fortune v. Hamberger*, 379 F. App'x 116, 120 (3d Cir. 2010) (nonprecedential) (noting that district court "correctly determined that a single instance of interference with an inmate's mail is not sufficient to constitute a First Amendment violation" (citing *Bieregu*, 59 F.3d at 1452)).

### C.     First and Fourteenth Amendment Access to Courts

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts."[27] Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement."[28] To adequately plead an access-to-courts claim that is backward-looking in nature,[29] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."[30] The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy."[31]

Mbewe's access-to-courts claim fails for at least two reasons. First, Mbewe has not plausibly alleged an access-to-courts claim. He appears to assert that, because the May 22, 2019 legal mail from Attorney Singhvi was rejected without notice, he lost the opportunity to fully litigate a state post-conviction case that was

---

[27] *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).
[28] *Id.* (citing *Lewis*, 518 U.S. at 354-55).
[29] There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).
[30] *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415).
[31] *See Christopher*, 536 U.S. at 416-17.

pending in the Court of Common Pleas of Allegheny County.[32]  Yet Mbewe never plausibly explains what was contained in the May 22, 2019 legal mailing nor how its rejection detrimentally affected his state post-conviction proceedings.  In fact, Mbewe's then-pending post-conviction petition—his fourth such petition—asserted that a particular provision of Pennsylvania's Crimes Code should be held unconstitutional for vagueness.[33]  Mbewe has simply failed to plausibly allege facts that would show that the rejection of Attorney Singhvi's mailing caused an "actual injury," *i.e.*, a lost opportunity to pursue an underlying nonfrivolous post-conviction claim.

   The second, more fundamental problem with this claim is that it has already been litigated and rejected in a prior civil rights lawsuit in this Court: *Mbewe v. Delbalso*, No. 4:21-cv-00654 (M.D. Pa.).  In that case, Mbewe alleged that SCI Mahanoy officials' interference with his legal mail caused him to lose the opportunity to file a post-conviction petition based on newly-discovered evidence of innocence from eyewitness Rasheeda Johnson.[34]  This Court ultimately dismissed that claim with prejudice, finding that Mbewe had failed to plausibly

---

[32]  *See* Doc. 1 ¶¶ 10-14, 24, 26-29; *see also Commonwealth v. Mbewe*, No. 470 WDA 2020, 2021 WL 2905824, at *1 & n.1 (Pa. Super. Ct. July 8, 2021) (nonprecedential).
[33]  *See Mbewe*, 470 WDA 2020, 2021 WL 2905824, at *1-2.
[34]  *See Mbewe v. Delbalso*, No. 4:21-cv-00654, Doc. 86 at 7-11 (M.D. Pa. May 17, 2023), *aff'd*, No. 23-2054 (3d Cir. Feb. 9, 2024) (per curiam).

plead a viable access-to-courts claim.[35]  The United States Court of Appeals for the Third Circuit affirmed that final judgment.[36]

Mbewe appears to attempt to reassert this same access-to-courts claim in the instant case, arguing that the rejection of his legal mail without notice prevented him from raising a newly-discovered-evidence claim involving new information from eyewitness Rasheeda Johnson.[37]  But Mbewe does not get two bites at the apple; this access-to-courts allegation is barred by claim preclusion.

Claim preclusion requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[38]  These elements are satisfied here.  Mbewe's prior access-to-courts claim was dismissed with prejudice for failure to state a claim, which constitutes a final judgment on the merits.[39]  His earlier lawsuit also targeted the same SCI Mahanoy officials.[40]  And his present access-to-courts claim is based

---

[35] *See id.*, Doc. 86 at 7-11, 15; *see also id.*, Doc. 96 at 5, (denying motion for reconsideration).
[36] *See id.*, Doc. 100.
[37] *See* Doc. 1 ¶¶ 26-29.
[38] *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021) (citation omitted).
[39] *See Fairbank's Cap. Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007) (noting that "dismissal 'with prejudice' is treated as an adjudication of the merits and thus has preclusive effect" (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972))).
[40] *See Mbewe*, No. 4:21-cv-00654, Doc. 62 ¶¶ 2-5 (naming as defendants Delbalso, Dunkle, K. Wall, Crawford, and Chapman).  Although Mbewe's earlier lawsuit did not include defendant Corrections Officer M. J. Wall, that discrepancy is immaterial.  Any identical claim that was previously adjudicated on the merits and which is later reasserted against a closely related new defendant (here, M. J. Wall) is barred by nonmutual claim preclusion and application of *Bruszewski v. United States*, 181 F.2d 419 (3d Cir. 1950).  *See Gambocz*, 468 F.2d at 840-42 (concluding that second lawsuit asserting identical cause of action but adding several new but closely related defendants was barred *by res judicata* and *Bruszewski* doctrine); *Bruszewski*, 181 F.2d at 422; *see also* 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H.

on the same, previously adjudicated cause of action. Mbewe's duplicative access-to-courts claim is thus precluded by *res judicata*, and its dismissal is therefore appropriate under 28 U.S.C. § 1915A(b)(1) as frivolous and malicious[41] in addition to failing to state a claim upon which relief may be granted.

### D. Fourteenth Amendment Due Process Claim

Mbewe's final claim is that the rejection of his incoming legal mail without notice violated his Fourteenth Amendment procedural due process rights. This claim has potential merit. As the Third Circuit explained in *Vogt v. Wetzel*,[42] when prison officials censor or withhold delivery of incoming mail, they must provide "minimal procedural safeguards" which include "notice and a reasonable chance to challenge the original official's decision[.]"[43]

The problem with Mbewe's procedural due process claim, however, is that he does not allege who is responsible for the mail censorship at issue. His complaint is silent as to who actually rejected the May 19, 2022 letter without

---

COOPER, FEDERAL PRACTICE AND PROCEDURE § 4464.1, at 702 (3d ed. 2017) (concluding that one "cogent argument in favor of nonmutual claim preclusion is that the party to be precluded should have joined his new adversary in the original litigation").

[41] *See Washington v. Gilmore*, 825 F. App'x 58, 60 n.2 (3d Cir. 2020) (nonprecedential) (citing *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (per curiam); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks and alterations omitted)).

[42] 8 F.4th 182 (3d Cir. 2021).

[43] *Id.* at 186 (citing, *inter alia*, *Procunier v. Martinez*, 416 U.S. 396, 417-19 (1976), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989)).

notice and could possibly be held liable under Section 1983 for the purported Fourteenth Amendment violation.[44] Leave to amend will be granted to permit Mbewe an opportunity to name or otherwise identify an appropriate Section 1983 defendant.

### E. Damages

Mbewe seeks compensatory and punitive damages as relief. Neither are available under the facts alleged in the complaint.

Compensatory damages may be awarded in a Section 1983 action "to compensate for actual injury suffered as a result of the violation of a constitutional right."[45] Under the Prison Litigation Reform Act of 1995 (PLRA),[46] however, compensatory damages are not available to prisoners for mental or emotional injuries alone. Rather, pursuant to 42 U.S.C. § 1997e(e), a prisoner cannot recover compensatory damages under Section 1983 for "mental or emotional injury" without first establishing "a prior showing of physical injury or the commission of a sexual act[.]"[47] Mbewe does not identify a compensable injury to person or property. Moreover, he has not (and likely cannot) allege that he suffered a physical injury from the rejection of his legal mail on a single occasion. Thus,

---

[44] It is possible that this is because Mbewe does not know what mailroom employee or other SCI Mahanoy official rejected the mail from Attorney Singhvi.
[45] *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000).
[46] 42 U.S.C. § 1997e *et seq*.
[47] 42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003).

11

under the plain language of the PLRA, Mbewe is unable to recover compensatory damages for the Section 1983 claims as they appear in his complaint.[48]

Although Mbewe cannot pursue compensatory damages, he could theoretically still seek punitive damages for his constitutional claims.[49] To constitute a basis for the imposition of punitive damages, a defendant's unlawful conduct must rise to the level of "callous" or "malicious" action or exhibit "evil motive or intent," or it must "involve[] reckless or callous indifference to the federally protected rights of others."[50]

Mbewe's allegations do not come close to providing a basis for the imposition of punitive damages. He avers that his privileged mail was rejected for failing to comply with then-existing DOC policy, and that rejection without notice was part of that then-existing policy.[51] Rejecting incoming mail pursuant to an established policy does not implicate malicious conduct or evil motive, nor does it imply reckless or callous indifference to prisoners' federal rights.

F.    **Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless

---

[48]   *See Allah*, 226 F.3d at 250-51.
[49]   *See Mitchell*, 318 F.3d at 533.
[50]   *See Springer v. Henry*, 435 F.3d 268, 281 (3d Cir. 2006); *Allah*, 226 F.3d at 251 (citing *Coleman v. Kaye*, 87 F.3d 1491, 1497 (3d Cir. 1996)).
[51]   *See* Doc. 1 ¶ 22.

amendment would be inequitable or futile."[52] Mbewe will be granted limited leave to amend in the event that he can plead facts that would plausibly state a Fourteenth Amendment procedural due process claim.

Mbewe's First Amendment free speech claim will be dismissed with prejudice, as granting leave to amend would be futile. It is well settled that interference with a single incoming letter—legal or personal—does not implicate a free speech violation. Mbewe's access-to-courts claim will also be dismissed with prejudice. That claim is insufficiently pled, frivolous and malicious because it is duplicative of a prior lawsuit, and barred by claim preclusion.

If Mbewe chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his Fourteenth Amendment procedural due process claim in short, concise, and plain statements, and in sequentially numbered paragraphs. Mbewe must leave one-inch margins on all four sides of his pleading.[53] He must also name proper defendants and *specify the offending actions or omissions by a particular defendant*. This step is particularly critical for Mbewe, as his initial complaint is devoid of allegations that demonstrate Defendants' personal involvement in the purportedly unconstitutional conduct. Mbewe must sign the amended complaint and indicate

---

[52] *Grayson*, 293 F.3d at 114.
[53] *See* LOCAL RULE OF COURT 5.1

the nature of the relief sought, keeping in mind this Court's above discussion regarding the availability of compensatory and punitive damages.

If Mbewe does not timely file an amended complaint, dismissal of his Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## III.  CONCLUSION

Based on the foregoing, the Court will dismiss Mbewe's complaint pursuant to 28 U.S.C. § 1915A(b)(1).  Mbewe may file an amended complaint in accordance with this Memorandum.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge