**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER F. MBEWE, | No. 4:24-CV-01508 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| THERESA A. DELBALSO, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**OCTOBER 14, 2025**

Plaintiff Christopher F. Mbewe filed the instant *pro se* Section 1983[1] action in 2024, alleging constitutional violations by prison officials at the State Correctional Institution, Mahanoy (SCI Mahanoy) with respect to the handling of his legal mail. His constitutional claims have been narrowed to a single alleged violation of his Fourteenth Amendment procedural due process rights.  Presently pending is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will grant Defendants' motion to dismiss because Mbewe's lawsuit is barred by claim preclusion.

---

[1]    42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.    BACKGROUND

Mbewe lodged his initial complaint in this matter on September 6, 2024.[2]  The

gravamen of his lawsuit concerns the handling of his legal mail by SCI Mahanoy

officials.  Specifically, Mbewe alleged in his complaint that in May 2019, legal mail

was sent to him by Attorney Nilam Sanghvi, who worked for the Pennsylvania

Innocence Project at Temple University.[3]  Mbewe contended that "the SCI Mahanoy

mailroom or property room received the legal mail on May 22, 2019," but rejected it

without providing him notice.[4]  Mbewe further asserted that the legal mail was not

returned to Attorney Sanghvi but was instead sent to "Camp-Hill" by "prison staff."[5]

He averred that he did not learn about this rejection until September 9, 2022, when he

requested and received a copy of his legal mail log from SCI Mahanoy officials.[6]

Mbewe alleged that the rejection of the May 22, 2019 incoming mail from

Attorney Singhvi without notice "and a reasonable opportunity to protest" the

rejection violated his First Amendment free speech rights, First and Fourteenth

Amendment right of access to the courts, and Fourteenth Amendment procedural due

process rights.[7]  He named six defendants: Superintendent Theresa A. Delbalso;

---

[2]    Doc. 1.
[3]    *Id.* ¶ 15; Doc. 1-1.
[4]    Doc. 1 ¶¶ 15, 16.
[5]    *Id.* ¶ 15.  Mbewe may be referring to the State Correctional Institution located in Camp Hill, Pennsylvania.  *See* https://www.pa.gov/agencies/cor/state-prisons/sci-camp-hill (last visited Oct. 6, 2025).
[6]    Doc. 1 ¶ 16; Doc. 1-1; Doc. 1-3.
[7]    Doc. 1 ¶¶ 23-25.

Captain M. Dunkle; Lieutenant K. Wall; and Corrections Officers A. Crawford, A. Chapman, and M.J. Wall,[8] and sought "compensatory and punitive damages."[9]

The Court subsequently screened Mbewe's complaint as required under 28 U.S.C. § 1915A(a).[10]  First, the Court noted that Mbewe had failed to allege personal involvement for any of the six Defendants, and thus dismissal for failure to state a claim was warranted on that basis alone.[11]  The Court then reviewed the sufficiency of each of Mbewe's constitutional tort claims, finding that he had plainly failed to state First Amendment free speech claim or a First and Fourteenth Amendment access-to-courts claim.[12]  Notably, as to the access-to-courts claim, the Court observed that Mbewe had already litigated this claim in a previous civil rights lawsuit in this Court and thus the claim was barred by the doctrine of claim preclusion.[13]  Dismissal of that duplicative cause of action, therefore, was appropriate under Section 1915A(b)(1) as frivolous and malicious.[14]  Both the free speech and access-to-courts claims were dismissed with prejudice.[15]

Finally, the Court considered Mbewe's Fourteenth Amendment procedural due process claim.  The Court first observed that Mbewe's allegations could conceivably implicate a due process concern with respect to the rejection of his incoming legal

---

[8]    *Id.* ¶¶ 2-5.
[9]    *Id.* ¶ 30.
[10]   *See generally* Docs. 15, 16.
[11]   *See* Doc. 15 at 5-6.
[12]   *See id.* at 6-10.
[13]   *See id.* at 8-10.
[14]   *See id.* at 10 & n.41.
[15]   *See* Doc. 16 ¶¶ 1, 2.

mail without notice or an opportunity to challenge the rejection.[16]  Nevertheless,

Mbewe's claim, as pled, fell short because he had failed to allege who was responsible

for the purported mail censorship.[17]  The Court thus granted Mbewe limited leave to

amend in the event that he could plausibly allege a violation of his procedural due

process rights by an SCI Mahanoy official.[18]

Mbewe timely filed an amended complaint limited to his Fourteenth

Amendment procedural due process claim.[19]  Although the amended pleading

contains numerous references to his state-court post-conviction proceedings,[20] any

access-to-courts claim was dismissed with prejudice in this Court's January 8, 2025

screening.  Thus, the Court issued an order clarifying that the single cause of action in

the amended complaint is a Fourteenth Amendment procedural due process claim

involving the alleged rejection of the May 22, 2019 correspondence from Attorney

Sanghvi without notice or an opportunity to protest.[21]  The Court further noted that

this claim would proceed only against defendants Captain M. Dunkle, Lieutenant K.

Wall, Corrections Officer A. Crawford, Corrections Officer A. Chapman, and a

"John/Jane Doe" mailroom employee.[22]

---

[16]  *See* Doc. 15 at 10 (citing *Vogt v. Wetzel*, 8 F.4th 182, 186 (3d Cir. 2021)).
[17]  *See id.* at 10-11.
[18]  *See id.* at 11.  The Court additionally addressed Mbewe's request for compensatory and punitive damages, finding that neither type of monetary relief was available under the facts as alleged in the complaint.  *See id.* at 11-12, 13.
[19]  *See generally* Doc. 19.
[20]  *See id.* at pp. 5-6, 13-15.
[21]  *See* Doc. 24 ¶ 1.
[22]  *See id.* ¶¶ 2-3 & n.3 (dismissing defendant Superintendent DelBalso for lack of personal involvement and terminating defendant M.J. Wall, who was not named as a defendant in the

Defendants were served with the amended complaint and timely waived service

of process.[23]  They then moved to dismiss the amended complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6).[24]  That motion is fully briefed and ripe for

disposition.[25]

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

courts should not inquire "whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims."[26]  The court must accept

as true the factual allegations in the complaint and draw all reasonable inferences

from them in the light most favorable to the plaintiff.[27]  In addition to the facts alleged

on the face of the complaint, the court may also consider "exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents"

---

amended complaint).  It appears that Mbewe later identified the "John/Jane Doe" mailroom
employees as Babara Ralston and Faith Walter.  *See* Doc. 27 at 1, 12.

[23]  Doc. 32.

[24]  *See generally* Docs. 33, 34.

[25]  *See* Docs. 34, 43, 44.  On June 2, 2025, Mbewe moved for an extension of time to file a surreply
brief.  *See* Doc. 45.  The Court construed Mbewe's motion as one for leave to file a surreply
under Local Rule of Court 7.7 and denied that motion the next day, explaining that there was
no need for a surreply at that time.  *See* Doc. 46.  It appears that Mbewe filed a surreply anyway.
*See* Doc. 47.  Because Mbewe is proceeding *pro se*, the Court will consider his surreply despite
his failure to follow the Local Rules of Court.  That brief, however, does not affect the Court's
holding.

[26]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir.
1996).

[27]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[28]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[29]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[30]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[31]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[32]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[33]

Because Mbewe proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[34]  This is particularly true when the *pro se* litigant, like Mbewe, is incarcerated.[35]

---

[28]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[29]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[30]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[31]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[32]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[33]  *Iqbal*, 556 U.S. at 681.

[34]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[35]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.    DISCUSSION

Defendants assert that Mbewe's Fourteenth Amendment procedural due

process claim is barred by the statute of limitations and claim preclusion.  The Court

agrees that Mbewe's due process claim could have and should have been raised in his

earlier civil rights lawsuit, and therefore it is barred by claim preclusion.

Claim preclusion requires "(1) a final judgment on the merits in a prior suit

involving (2) the same parties or their privies and (3) a subsequent suit based on the

same cause of action."[36]  In evaluating whether these elements exist, courts do not

proceed mechanically, but instead "focus on the central purpose of the doctrine[:] to

require a plaintiff to present all claims arising out of the same occurrence in a single

suit."[37]  By doing so, courts "avoid piecemeal litigation and conserve judicial

resources."[38]  To that end, "[t]he doctrine of res judicata bars not only claims that

were brought in a previous action, but also claims that could have been brought."[39]

When considering the third "cause of action" element, "the focus is on the facts rather

than the legal theories," because claim preclusion bars a claim that "arises from the

same set of facts as a claim adjudicated on the merits in the earlier litigation."[40]

The elements of claim preclusion are satisfied here.  Mbewe filed a previous

lawsuit, *Mbewe v. Delbalso*, No. 4:21-cv-00654 (M.D. Pa.) (Brann, C.J.), in which he

---

[36]    *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021) (citation omitted).
[37]    *Davis v. Wells Fargo*, 824 F.3d 333, 341 (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)).
[38]    *Id.* (quoting *Blunt*, 767 F.3d at 277).
[39]    *Id.* at 342 (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).
[40]    *Id.* (quoting *Blunt*, 767 F.3d at 277).

challenged the handling of his legal mail (that occurred in May 2019) by SCI

Mahanoy officers, claiming that the alleged mishandling adversely affected his ability

to pursue post-conviction relief.  He sued Superintendent Delbalso, Captain Dunkle,

Lieutenant K. Wall, and Correctional Officers A. Crawford and A. Chapman, and

asserted similar claims of First Amendment free speech infringement and First and

Fourteenth Amendment denial of access to the courts.[41]  That case, however, was

ultimately dismissed with prejudice for failure to state a claim upon which relief may

be granted.[42]  The United States Court of Appeals for the Third Circuit affirmed that

final judgment.[43]

Because Mbewe's earlier case was dismissed with prejudice for failure to state

a claim for relief, that dismissal constitutes a final judgment on the merits.[44]  So the

first element of claim preclusion is satisfied.

Mbewe's earlier lawsuit also targeted the same SCI Mahanoy officials that

appear in his amended complaint: Superintendent Delbalso, Captain Dunkle,

---

[41]  *See Mbewe*, No. 4:21-cv-00654, Doc. 86 at 4, 6-7.

[42]  *See id.*, Doc. 86 at 7-15; *id.*, Doc. 96 (denying motion for reconsideration).

[43]  *See id.*, Doc. 100.

[44]  *See Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 242 (3d Cir. 2022) ("A dismissal with prejudice operates as an adjudication on the merits and typically prevents the plaintiff from subsequently litigating his claims in either the original court or any other forum." (internal quotation marks and citation omitted)); *Fairbank's Cap. Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007) (noting that "dismissal 'with prejudice' is treated as an adjudication of the merits and thus has preclusive effect" (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972))).

Lieutenant K. Wall, and Correctional Officers A. Crawford and A. Chapman.[45]  The

fact that Mbewe also attempts to sue a "John/Jane Doe" mailroom employee (or

employees) in the instant case is of no matter.  Any claim that was previously

adjudicated on the merits (or should have been so adjudicated) and which is later

reasserted against a closely related new defendant (here, the SCI Mahanoy "Doe"

mailroom employee or employees) is barred by nonmutual claim preclusion and

application of *Bruszewski v. United States*, 181 F.2d 419 (3d Cir. 1950).[46]

Finally, even though Mbewe did not explicitly assert a Fourteenth Amendment

procedural due process claim regarding the handling of his May 22, 2019

correspondence in his earlier lawsuit, he could have and should have done so.  Mbewe

filed his third amended complaint in case number 4:21-cv-00654 on September 25,

2022.[47]  At that time, he was fully aware of the mailroom's rejection of the May 22,

2019 correspondence from Attorney Sanghvi.  To wit, Mbewe included the rejection

form from this correspondence as an attachment to his third amended complaint,[48] and

---

[45]  *See Mbewe*, No. 4:21-cv-00654, Doc. 69 ¶¶ 2-5 (naming as defendants Superintendent Delbalso, Captain Dunkle, Lieutenant K. Wall, and Correctional Officers Crawford and Chapman).

[46]  *See Gambocz*, 468 F.2d at 840-42 (concluding that second lawsuit asserting identical cause of action but adding several new but closely related defendants was barred *by res judicata* and *Bruszewski* doctrine); *Bruszewski*, 181 F.2d at 422; *see also* 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4464.1, at 702 (3d ed. 2017) (concluding that one "cogent argument in favor of nonmutual claim preclusion is that the party to be precluded should have joined his new adversary in the original litigation").

[47]  *See Mbewe*, No. 4:21-cv-00654, Doc. 62 at 10, Doc. 69 at 10.  Plaintiff corrected his third amended complaint (Doc. 62) by attaching an additional exhibit page that he forgot to include with his initial filing.  *See id.*, Doc. 62-1 (24 pages); Doc. 63, Doc. 64; Doc. 69-1 (25 pages).

[48]  *See id.*, Doc. 69-1 at 13.

he explicitly alleges in the instant case that he learned of the rejection (and, in his words, discovered "the injury to his rights") on September 9, 2022.[49] Thus, there is no reason why Mbewe could not have included the at-issue procedural due process claim in his third amended complaint in case number 4:21-cv-00654.[50] This claim, even though asserting a novel legal theory, is part of the same "cause of action" as his previous lawsuit.[51]

Mbewe's previous lawsuit involved a set of facts concerning the alleged mishandling of his legal mail in May 2019 by the same SCI Mahanoy officials, purportedly resulting in the loss of his ability to successfully pursue post-conviction relief. That is the exact same set of facts that underlies the instant lawsuit. Indeed, according to Mbewe, the at-issue legal mail violations occurred only one day apart.[52] Therefore, to avoid piecemeal adjudication and to conserve judicial resources, Mbewe should have asserted his procedural due process claim in his previous lawsuit. He did not, and he has provided no basis for his failure to do so.

"The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."[53] Consequently,

---

[49]  *See* Doc. 19 ¶¶ 8, 12; Doc. 43 ¶¶ 3, 8, 10.

[50]  *See Davis*, 824 F.3d at 342-43 (noting that plaintiff was aware of all relevant facts at the time he filed his amended complaint and therefore should have included his "new" causes of action in that pleading). To the extent that Mbewe would have concerns about exhaustion of administrative remedies under the PLRA, he could have simply moved to stay his civil rights lawsuit while he exhausted the claim related to the May 22, 2019 legal mail rejection.

[51]  *See id.*

[52]  *See* Doc. 47 ¶ 6.

[53]  *In re Mullarkey*, 536 F.3d at 225 (citation omitted).

Mbewe's Fourteenth Amendment procedural due process claim is barred by claim preclusion[54] and will be dismissed for failure to state a claim upon which relief may be granted.

## IV.    CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[54]    *See Davis*, 824 F.3d at 343-44.